**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
MICHAEL FURMAN,                          :        Case No. _____
Individually and on behalf of all others :
similarly situated,                      :        **COLLECTIVE ACTION**
                                         :        **COMPLAINT AND**
           Plaintiff,                    :        **JURY DEMAND**
                                         :
     v.                                  :
                                         :
GODIVA CHOCOLATIER, INC.;                :
                                         :
           Defendant.                    :
---------------------------------------------------------X

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

Plaintiff Michael Furman ("Furman" or "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys Shavitz Law Group, P.A., alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated individuals who have worked as Boutique Managers or in comparable roles with different titles ("BMs") for GODIVA CHOCOLATIER, INC. ("Godiva" or "Defendant") anywhere in the United States.

2. Godiva is a Belgian manufacturer of fine chocolates and related products. Godiva operates hundreds of retail stores worldwide, including approximately 150 stores in the United States.

3. Godiva employs BMs at its retail locations in the United States.

4. In order to minimize labor costs, Godiva staffs its stores leanly and strictly manages hours worked by non-exempt workers to avoid paying them overtime. To compensate for this deliberate understaffing, Godiva relies heavily on its salaried BMs to staff the stores

when there are not enough hourly employees to properly do so. Because of Godiva's retail hours and lean staffing model, BMs regularly work in excess of forty (40) hours per workweek.

5. Although they are labeled "managers," BMs are not responsible for true management functions. To the contrary, BMs spend the vast majority of their time performing the same duties as non-exempt, hourly employees. BMs' primary duties, which occupy the majority of their time, are: customer service, cashiering, dipping fruit, and cleaning the store.

6. The primary duties of BMs do not fall within any of the exemptions under federal overtime law and regulations.

7. The primary duties of the BM position do not vary among Godiva's stores.

8. Throughout the relevant period, Godiva's policy across its stores has been to uniformly classify BMs as exempt from federal overtime provisions and not pay BMs any overtime wages.

9. Godiva regularly requires BMs to work in excess of 40 hours per workweek.

10. By the conduct described herein, Defendant has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*., ("FLSA") by failing to pay BMs, including Plaintiff, the overtime wages they have earned and to which they are entitled by law.

11. Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendant nationwide who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

## THE PARTIES

### *Plaintiff Michael Furman*

12. Plaintiff Michael Furman ("Furman") is an adult individual who is a resident of Ferndale, Michigan.

13. Furman was employed by Defendant as a BM from approximately August 2012 to January 2018, at Godiva stores in Michigan.

14. Defendant paid Furman an annual salary of approximately $47,500.

15. Pursuant to Defendant's policy, pattern, and/or practice, Furman regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked. As a BM, Furman worked between 42 and 47 hours per week. Furman was not paid overtime wages during any workweeks for the hours he worked as a BM in excess of 40 each week.

16. At all times relevant hereto, Furman was a covered employee within the meaning of the FLSA.

17. A written consent form for Furman is attached hereto as Exhibit A.

### *Defendant*

18. Godiva Chocolatier, Inc. is a New Jersey corporation with a principal place of business at 333 West 34th Street, New York, New York 10001.

19. At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA.

20. Throughout the relevant period, Defendant employed Plaintiff and other BMs within the meaning of the FLSA. Defendant has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

21. At all times relevant, Defendant maintained control, oversight and direction over

Plaintiff and other BMs, including timekeeping, payroll and other employment practices that applied to them.

22. Defendant applies the same employment policies, practices, and procedures to all BMs.

23. At all times relevant, each Defendant's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

25. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

26. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(3) because Defendant Godiva Chocolatier, Inc. is a resident of the State of New York and has its principal place business in this District.

## COMMON FACTUAL ALLEGATIONS

27. Throughout their employment with Defendant, Plaintiff and other BMs regularly worked in excess of 40 hours per week.

28. Defendant was aware that Plaintiff and other BMs worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

29. The primary duties of Plaintiff and other BMs were non-exempt in nature. They performed the same duties as the hourly employees who were entitled to overtime such as customer service, cashiering, dipping fruit, and cleaning the store.

30. Plaintiff and other BMs were closely supervised by their District Managers, and through common corporate policies and procedures that defined and circumscribed their work. Plaintiff and other BMs were not responsible for the overall performance of the stores, or for coaching, evaluating or disciplining store employees.

31. Plaintiff and other BMs did not have authority to hire or fire store employees, nor did they have much, if any, input into who was hired and fired.

32. During the relevant period, Defendant uniformly classified BMs as exempt from federal overtime pay requirements.

33. All of the work that Plaintiff and other BMs performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff and other BMs performed.

34. Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

35. Defendant was aware, or should have been aware, that federal wage and hour laws required it to pay Plaintiff and other BMs overtime compensation for hours worked in excess of 40 per week.

36. Defendant was aware, or should have been aware, that Plaintiff's and other BMs' primary duties were customer service, cashiering, dipping fruit, and cleaning the store, and that these duties do not fall within any overtime exemption under the FLSA.

37. Defendant's failure to pay Plaintiff and other BMs overtime was willful. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

38. Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. §

216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendant as BMs at any Godiva retail store in the United States, on or after December 27, 2015, who elect to opt-in to this action (the "FLSA Collective").

39. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

40. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek; and

    b. willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA.

41. Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

42. Plaintiff and the FLSA Collective all perform or performed the same primary duties.

43. Defendant's unlawful conduct has been widespread, repeated, and consistent.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (On behalf of Plaintiff and the FLSA Collective)

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

46. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

47. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

49. Each Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Plaintiff and other similarly persons are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

51. Defendant failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

52. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

53. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to the First Cause of Action, pursuant to 29 U.S.C. § 255.

54. As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

55. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E. A reasonable incentive award for the Plaintiff to compensate him for the time and effort they have spent protecting the interests of other BMs, and the risks they have undertaken.

F. Attorneys' fees and costs of the action; and

G. Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
December 27, 2018

Respectfully submitted,

*/s/ Michael Palitz*

Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
800 3rd Avenue, Suite 2800
New York, New York 10022
Tel: (800) 616-4000
Fax: (561) 447-8831

Gregg I. Shavitz*
Logan Pardell*
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Tel: (561) 447-8888
Fax: (561) 447-8831

***Attorneys for Plaintiff and the Putative Collective***

*pro hac vice* application forthcoming