ANDREW J. VOSS (0241556)
LITTLER MENDELSON, P.C.
Attorneys for Defendant
    GODIVA CHOCOLATIER, INC.
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
612.630.1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael Furman, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>Godiva Chocolatier, Inc.,<br><br>Defendant. | Index No. 1:18-cv-12269-ER<br><br>**ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES** |

Defendant Godiva Chocolatier, Inc. ("Defendant" or "Godiva") as and for its Answer and Affirmative and Additional Defenses to the Complaint of Plaintiff Michael Furman ("Plaintiff" or "Furman"), states and alleges as follows:

**NATURE OF THE ACTION**

1.     Defendant admits that Plaintiff purports to bring this action to recover alleged overtime compensation for Boutique Managers or those "in comparable roles", but denies any wrongdoing toward Plaintiff, that Plaintiff satisfies the prerequisites to represent a collective or that Plaintiff is entitled to any relief whatsoever.

2.     Defendant admits that it manufactures fine chocolates, and that it operates retail stores worldwide, including in the United States.  Defendant denies each and every remaining allegations in Paragraph 2 of the Complaint.

3.     Defendant admits the allegations in Paragraph 3 of the Complaint.

4.     Defendant denies the allegations in Paragraph 4 of the Complaint.

5.     Defendant denies the allegations in Paragraph 5 of the Complaint.

6.     Paragraph 6 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation in Paragraph 6 of the Complaint.

7.     Paragraph 7 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation in Paragraph 7 of the Complaint.

8.     Paragraph 8 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation in Paragraph 8 of the Complaint.

9.     Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Paragraph 10 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation in Paragraph 10 of the Complaint.

11.     Defendant admits that Plaintiff purports to bring this action as a collective action, but denies any wrongdoing toward Plaintiff, that Plaintiff satisfies the prerequisites to represent a collective or that Plaintiff is entitled to any relief whatsoever.

## PARTIES

### *Plaintiff Michael Furman*

12.     Defendant denies each and every allegation in Paragraph 12 of the Complaint.

13.     Defendant admits that Plaintiff was employed from approximately 2012 to 2018 at its Godiva stores in Michigan. Defendant denies each and every remaining allegation in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Paragraph 16 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation in Paragraph 16 of the Complaint.

17.     Defendant admits that a document purporting to be a written consent is attached as Exhibit A.  Defendant denies each and every remaining allegation in Paragraph 17 of the Complaint.

### *Defendant*

18.     Defendant admits that it is incorporated in New Jersey and that it lawfully conducts business in the State of New York, but denies any wrongdoing, and denies that Plaintiff is entitled to any recovery whatsoever.  Defendant denies each and every remaining allegation in Paragraph 18 of the Complaint.

19.     Paragraph 19 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation in Paragraph 19 of the Complaint.

20.     Paragraph 20 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation in Paragraph 20 of the Complaint.

21.     Defendant admits that it provides payroll and other policies and procedures for its employees.  Defendant denies each and every allegation in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant admits the allegations in Paragraph 23 of the Complaint.

## JURISDICTION AND VENUE

24.     Defendant admits the allegations in Paragraph 24 of the Complaint.

25.     Defendant admits the allegations in Paragraph 25 of the Complaint.

26.     Defendant admits the allegations in Paragraph 26 of the Complaint.

## COMMON FACTUAL ALLEGATIONS

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant admits that its Boutique Managers in the U.S. who work at locations outside of California are classified as exempt from overtime under the FLSA.  Defendant denies each and every remaining allegation in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

38.     Defendant admits that Plaintiff purports to bring this action as a collective action under the FLSA, but denies any wrongdoing toward Plaintiff, that Plaintiff satisfies the prerequisites to represent a collective or that Plaintiff is entitled to any relief whatsoever

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Overtime Wages
### (On behalf of Plaintiff and the FLSA Collective)

44.     Defendant restates its responses to the allegations contained in Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant admits that a document purporting to be a written consent is attached as Exhibit A.  Defendant denies each and every other allegation in Paragraph 46 of the Complaint.

47.     Paragraph 47 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation in Paragraph 47 of the Complaint.

48.     Paragraph 48 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation in Paragraph 48 of the Complaint.

49.     Paragraph 49 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies each and every in Paragraph 49 of the Complaint.

50.     Paragraph 50 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 51 of the Complaint.

53.     Defendant denies the allegations in Paragraph 51 of the Complaint.

54.     Defendant denies the allegations in Paragraph 51 of the Complaint.

55.     Defendant denies the allegations in Paragraph 51 of the Complaint.

## PRAYER FOR RELIEF

56.     Plaintiff's PRAYER FOR RELIEF and WHEREFORE provision, and each of its subparts as detailed in Paragraphs A through G of the Complaint, contain allegations to which a response is not required, but to the extent that a response may be required, Defendant denies that Plaintiff and/or any potential collective members are entitled to any relief whatsoever, and further denies that it has committed any unlawful or wrongful act with respect to Plaintiff and/or any potential collective members.

## JURY DEMAND

57.     Defendant admits that Plaintiff requests a jury trial on all triable issues in this case.

## GENERAL DENIAL

58.     Unless otherwise expressly admitted or otherwise qualified in the Answer, Defendant denies each and every allegation in Plaintiff's Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.      Plaintiff was exempt from overtime pursuant to 29 U.S.C. § 213(a)(1), including, but not limited to, the executive, administrative, or other exemptions, and as such any claims for unpaid overtime are barred because Plaintiff was employed in a bona fide exempt position.

2.      Plaintiff's Complaint is barred, in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff and/or any potential collective members he seeks to represent were engaged in activities that were preliminary or post-preliminary to their principal activities.

3.      To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in the action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), or the principles of laches, such claims are barred.

4.      Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation and the compensation of similarly situated individuals were done in good faith in reliance upon written administrative regulations, orders, rulings, approvals or interpretations of the Wage and Hour Division of the U.S. Department of Labor.

5.      Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

6.      Throughout his employment, Plaintiff was paid on a salary basis for all hours worked, with the clear, mutual understanding that his salary was compensation for all hours worked each week. By accepting the regular salary for all hours worked, even if found to be entitled to overtime pay, which Defendant expressly denies, Plaintiff would be entitled to no

more than one-half his regular rate of pay in that workweek for any overtime hours worked during that workweek. Thus, the "half time" overtime premium is the only potential measure of compensatory damages for his claims under the FLSA.

7.      Plaintiff's claims are barred to the extent Plaintiff failed to perform his respective duties and/or failed to perform those duties which Defendant expected him to perform.

8.      Plaintiff's claims are barred, in whole or in part, by the equitable defenses of laches, waiver, consent, estoppel, unjust enrichment and/or unclean hands.

9.      Defendant asserts that any claim for additional compensation by Plaintiff and/or by any potential collective members he seeks to represent must be reduced by compensation already paid to them for periods not compensable under the FLSA.

10.     Defendant asserts that any time spent by Plaintiff and/or any potential collective members he seeks to represent beyond their compensated workweek was *de minimis*.

11.     Plaintiff cannot satisfy the legal requirements to represent a collective under the FLSA.

12.     Plaintiff's claims on behalf of himself and/or any potential collective members he seeks to represent are matters in which individual questions predominate and are not appropriate for collective treatment.

13.     Plaintiff's Complaint fails to state a claim for an award for liquidated damages.

14.     Plaintiff's Complaint and each cause of action set forth therein, or some of them, fail to state a valid claim upon which prejudgment interest may be awarded.

15.     Plaintiff's Complaint is barred, in whole or in part, as Plaintiff and/or any potential collective members he seeks to represent, have not suffered and will not suffer

irreparable harm because of any alleged conduct of Defendant, and on that basis there is no entitlement to injunctive or other relief.

16.     Plaintiff's Complaint and the cause of action set forth therein fail to state a valid claim for attorneys' fees.

17.     Some or all of the affirmative or additional defenses asserted herein may apply to the claims that may be asserted by some or all of the purported collective members described in the Complaint.

18.     Pending the conclusion of further discovery and investigation, Defendant respectfully reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, Defendant respectfully requests the Court grant the following relief:

1.     Judgment be entered dismissing Plaintiff's Complaint on the merits and with prejudice;

2.     Awarding Defendant its attorneys' fees, costs, and disbursements, as appropriate; and

3.     Directing such other relief as the Court deems just and equitable.

Date:   January 30, 2019

/s/ Andrew J. Voss
Andrew J. Voss
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
612.630.1000

**ATTORNEYS FOR DEFENDANT
GODIVA CHOCOLATIER, INC.**